**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 25, 2015

LETTER TO COUNSEL

      RE:   *Roza Hodge v. Commissioner, Social Security Administration*;
              Civil No. SAG-14-3619

Dear Counsel:

      On November 17, 2014, Plaintiff Roza Hodge petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Hodge protectively filed claims for benefits in 2010, alleging a disability onset date of August 31, 2008. (Tr. 166-78). Her claims were denied initially and on reconsideration. (Tr. 113-17, 120-26). A hearing was held on April 4, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 42-83). Following the hearing, the ALJ determined that Ms. Hodge was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 19-40). The Appeals Council denied Ms. Hodge's request for review. (Tr. 1–5). Thus, the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Ms. Hodge suffered from the severe impairments of cervical and lumbar spondylosis, mood disorder NOS/affective disorder, and anxiety disorder. (Tr. 24). Despite these impairments, the ALJ determined that Ms. Hodge retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she is further limited to: occasional climbing, balancing, crouching, crawling, kneeling, and stooping; and, work must be routine, rote, and unskilled.

(Tr. 28). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Hodge could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 33-34).

*Hodge v. Commissioner, Social Security Administration*
Civil No. SAG-14-3619
September 25, 2015
Page 2

On appeal, Ms. Hodge essentially raised a single argument: that the ALJ's analysis did not comport with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of Ms. Hodge's "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. Upon review of Ms. Hodge's case, I agree that the ALJ's opinion is deficient under *Mascio*. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Ms. Hodge was not entitled to benefits was correct or incorrect.

To understand why remand is warranted in this case, some background is useful. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Each listing therein[1] consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920(a)(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

---

[1] Listing 12.05, which pertains to intellectual disability, and Listing 12.09, which pertains to substance addiction disorders, do not follow this structure.

The RFC assessment is distinct, but not wholly independent, from the ALJ's application of the special technique at step three. Pertinent to this case, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work,[2] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637–38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, as in *Mascio*, the ALJ did not explain how the restriction of Ms. Hodge's RFC to "routine, rote, and unskilled work" accounts for the finding of "moderate difficulties" in concentration, persistence, or pace. *See* (Tr. 27). The ALJ's step three assessment in that functional area states, in its entirety,:

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. The claimant testified she loves to read. She emigrated from Russia and was able to take courses towards a master's degree at Rutgers University. Her testimony indicates a high level of fluency. During a psychological consultative examination, the claimant was noted to be fully oriented. She knew the names of the last three presidents of the United States. She repeated three words right away and could only recall one after five minutes. She spelled world correctly forward and backward. She was able to abstract an American proverb.

(Tr. 27). There is almost nothing in that explanation to suggest why the ALJ found Ms. Hodge to have "moderate difficulties," since the only adverse statement is the issue of word recall after five minutes. However, the ALJ conceded elsewhere that Ms. Hodge's primary care physician, Dr. Syed, had found her to have "extreme limitations" in concentration, persistence, and pace, and that two State agency psychological consultants found her to have "moderate limitations" in that functional area. (Tr. 26). In light of that medical evidence, it cannot be inferred, simply from the ALJ's lack of explanation, that Ms. Hodge in fact has mild or no issues relating to her ability to persist in work-related tasks. For example, one State agency physician, Dr. Wessel, noted that Ms. Hodge had "moderate limitations in areas dealing with continuity of performance . . [attention/concentration] fluctuates at times." (Tr. 535). The ALJ assigned "great weight" to

---

[2] The hypothetical that the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

*Hodge v. Commissioner, Social Security Administration*
Civil No. SAG-14-3619
September 25, 2015
Page 4

Dr. Wessel's opinion, but provided no explanation of the reason why he did not believe any limitation was required to address the issues with concentration and continuity. (Tr. 31-32). While the ALJ did note that a treating physician, Dr. Hayden, had observed that Ms. Hodge was able to attend and concentrate during medical examinations, it does not follow that she could sustain attention and concentration for an entire workday. (Tr. 32).

Ultimately, the ALJ's analysis is simply insufficient to permit adequate review. Without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Hodge to have moderate difficulties in concentration, persistence, and pace, what the basis for that belief would be, and whether there is support in the medical evidence for the fact that any such difficulties did not require further limitations in her RFC assessment.[3] In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should explain why Ms. Hodge has moderate difficulties in concentration, persistence, and pace, and why those difficulties restrict her only to "routine, rote, and unskilled work" without further limitation.

For the reasons set forth herein, Ms. Hodge's Motion for Summary Judgment (ECF No. 13) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[3] While the Commissioner contends that any error by the ALJ should be deemed harmless, in this case the medical evidence suggesting a moderate (or greater) limitation in concentration, persistence, or pace precludes such a finding. *See* Def. Mot. 8-9.